IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Austin Walker, also known as Shayla Walker, <br><br> Plaintiff, <br><br> vs. <br><br> John Butler, Jane Buggs, Captain Nick Gallam, John Bowman, John Clamp, John Pack, John Hardy, Varney Hodge, Sue Doe, <br><br> Defendant. | Case No.: 9:22-cv-04704-JD-MHC <br><br><br> **ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 349.) Plaintiff Austin Walker, also known as Shayla Walker ("Plaintiff" or "Walker"), proceeding *pro se*, sued Defendants John Butler, Jane Buggs, Captain Nick Gallam, John Bowman, John Clamp, John Pack, John Hardy, Varney Hodge, Sue Doe ("Defendants") alleging claims under 42 U.S.C. § 1983 (§ 1983).[2] (DE 16.) As stated in the Report, Plaintiff asserts that the alleged actions

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] The Report says that "Plaintiff initially submitted a letter that was filed as the Complaint. ECF No. 1. Plaintiff was informed that if she intended to pursue a civil action, she needed to complete a complaint form, . . . On April 13, 2023, Plaintiff filed an Amended Complaint that names the nine Defendants listed in the caption above. ECF No. 16." (DE 34, p. 1.) "Plaintiff was notified of material deficiencies in her Amended Complaint and given the opportunity to file a second amended complaint on or before December 27, 2023." (*Id.*)

1

occurred in March and April 2019 in Gastonia, North Carolina, and from April 16, 2019, to April 2023, at the Aiken County Detention Center. (DE 34, p. 2.) Plaintiff claims that:

> Plaintiff is being discriminated against & has been sexually assaulted & is forced to endure sexual abuse, mocked & humiliated. She is being denied treatment for gender d[y]sphoria & is misgender & not allowed to express herself as female, & is punished for expressing herself. She is housed in harsh environment & condition, & her privileges are overly restricted for no legitimate reason. Please see ECF 111 for complete summary of events.

(DE 16, pp. 6-7) (errors in original.) Plaintiff alleges she sustained injuries including:

> Plaintiff suffered severally physically, emotionally & mentally after she was sexually abused. Due to her growing gender d[y]sphoria: the treatment & discriminated by staff & inmates she cut her genitalia to do self-surg[er]y, which she received very little treatment. She had cut her arms, legs & stomac[h] but hid them. She had also received a hand injury which was treated at hospital with a shot & x-ray & lat[]er pain meds & cream, but had continued to hurt for a couple months. She has suffered severally from all she has been forced to endure.

(*Id.* at 7) (errors in original.)

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and under a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, on March 28, 2024, the Magistrate Judge issued the Report based on her initial review of the pleadings. The Report said, "[i]t is recommended that this action be summarily dismissed for Plaintiff's failure to

---

Although several extensions were granted, Plaintiff has not amended the complaint to resolve the deficiencies. Plaintiff's only response is a motion to appoint counsel. (DE 36.)

state a claim. Although Plaintiff lists Defendants' names in the caption of her Amended Complaint, her pleadings fail to provide any specific facts to support a claim that these Defendants violated her federal constitutional or statutory rights." (DE 34, p. 4.) Accordingly, the Report recommended the action be dismissed without prejudice, without issuance and service of process, and without further leave to amend. (*Id.* p. 5.)

Plaintiff responded by opposing the Report on June 3, 2024, via a document titled "Motion to Appeal" (DE 38); however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—*that are at the heart of the parties' dispute.*'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After liberally construing Walker's response to the Report, Walker's objection is best summarized by her statement that "[s]he has been working hard [and] trying her best, but she [does] not know what she is doing. She [does] not understand why

3

her papers are not in proper format . . . ." (DE 38.) To begin with, Walker was sent an order (DE 13) directing her to bring her case into proper form. The order stated, among other things, that "[y]ou must name the specific defendant(s) you intend to sue and answer every question fully and completely. Additionally, you must clearly state who did what to you when and provide facts supporting your claim(s) against each individual defendant." (DE 13, p. 2.) To that end, the Report found that,

> Plaintiff generally appears to be attempting to allege Fourteenth Amendment violations as to her medical treatment and as to a sexual assault (it is unclear if an alleged assault was committed by one of the Defendants or if Plaintiff is attempting to assert a failure to protect claim). However, she has not stated sufficient facts to indicate who did what to her and how the alleged actions violated her constitutional rights. Additionally, it is unclear what First, Fourth, and Fifth Amendment claims Plaintiff is attempting to allege against the named Defendants. Plaintiff has not alleged who did what to her and how such alleged action(s) violated her constitutional rights.

(DE 34, p. 4.) The Court, thus, overrules Walker's objection because Walker has provided no amendments to bring the complaint into proper form.[3]

Accordingly, after thoroughly reviewing the Report and Recommendation and the record, the Court adopts the Report (DE 34) and incorporates it here by reference.

---

[3]  Plaintiff's objection also raises a second appeal to the Court for the appointment of counsel. The Court declines to do so.

> Whether to appoint counsel for indigent plaintiffs in civil cases falls within the discretion of district courts. However, it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances. Whether such circumstances exist depends on the type and complexity of the case, and the abilities of the individuals bringing it. Courts should appoint counsel [i]f it is apparent . . . that a pro se litigant has a colorable claim but lacks the capacity to present it.

*Riddick v. Barber*, 109 F.4th 639 (4th Cir. 2024) (internal citations and quotations omitted.) Walker's failure to comply with the Court's directives, including the directive "to state who did what to you when and provide facts supporting your claim(s) against each individual defendant" (DE 13), counsels against a finding of exceptional circumstances.

It is, therefore, **ORDERED** that Plaintiff's action is dismissed without prejudice, without issuance and service of process, and without further leave to amend. Given the ruling here, the Court denies as moot Plaintiff's Motion to Appoint Counsel (DE 36).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 17, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.